IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSHUA W. RICHARDSON                                                                  PLAINTIFF

vs.                                        Civil No. 3:10-cv-03087

MICHAEL J. ASTRUE                                                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Joshua Richardson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff protectively filed applications for DIB and SSI on June 9, 2008. (Tr. 75, 144-155). Plaintiffs alleged he was disabled due to herniated disc and back pain. (Tr. 190). Plaintiff alleged an onset date of April 2, 2008. (Tr. 190). These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

reconsideration. (Tr. 88-90, 97-100). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 101).

Plaintiff's administrative hearing was held on July 22, 2009, in Harrison, Arkansas. (Tr. 31-67). Plaintiff was present and was represented by counsel, Greg Thurman, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David O'Neal, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a GED. (Tr. 35).

On December 4, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 75-83). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 77, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 2, 2008, his alleged onset date. (Tr. 77, Finding 2).

The ALJ determined Plaintiff had the severe impairments of status post laminotomy. (Tr. 77, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 78, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 78-82, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for sedentary work except he was not able to climb ladders, ropes, and scaffolds, but he could occasionally climb ramps, stairs, balance, stoop, kneel, crouch, and crawl. (Tr. 78).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.82, Finding 6). The ALJ

determined Plaintiff's PRW included work as a warehouse worker, tire repairer, lube technician, HVAC technician, amusement park worker, construction worker, and restaurant cook. (Tr. 82). Based upon her RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 82, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as an escort vehicle driver with approximately 259 such jobs in the region and 26,000 in the national economy, pari-mutual checker with approximately 750 such jobs in the region and 260,000 in the national economy, and electronics assembler with approximately 180 such jobs in the region and 13,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from April 2, 2008 through the date of her decision. (Tr. 83, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 19). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On September 15, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 1, 2010. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7 at 4-17. Specifically, Plaintiff claims the ALJ erred (1) in evaluating his RFC and (2) in the hypothetical question asked of the VE. In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 8.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed

RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work except he was not able to climb ladders, ropes, and scaffolds, but he could occasionally climb ramps, stairs, balance, stoop, kneel, crouch, and crawl.  (Tr. 78, Finding 5).  As will be discussed, substantial evidence supports the ALJ's RFC determination.

Plaintiff filed his SSI and DIB applications on June 9, 2008, alleging disability since April 2, 2008, due to a herniated disc and chronic back pain (Tr. 144-155,190).  Despite filing his disability applications alleging disability since April 2, 2008, there is no medical evidence of treatment during the year 2007 and only two records of treatment dated during 2008.

On September 4, 2008, Plaintiff was seen by Dr. Victor Armstrong.  (Tr. 262).  Plaintiff indicated a history of back problems and complained of back pain causing mild depression.  (Tr. 262).  Plaintiff's only medication was Ibuprofen.  (Tr. 262).  Dr. Armstrong noted on physical examination only that Plaintiff was well nourished and well developed with a well-healed scar on his lumbar spine, and made no other physical examination findings.  (Tr. 262).  Dr. Armstrong assessed Plaintiff with depressive disorder, lumbago, and unspecified disc degeneration and prescribed vicodin as needed.  (Tr. 261-262).

Plaintiff returned to see Dr. Armstrong on October 7, 2008. (Tr. 263). Plaintiff stated he continued to have bad back pain, especially when the weather was bad. (Tr. 263). Dr. Armstrong's examination findings were the same as the prior examination the month before. (Tr. 263). Dr. Armstrong did not make any findings of physical abnormalities. (Tr. 263). Dr. Armstrong informed Plaintiff he was to take only one vicodin nightly and to use them sparingly. (Tr. 263). Finally, Dr. Armstrong advised Plaintiff to see a pain specialist and possibly a neurosurgeon for his low back pain. (Tr. 263).

Plaintiff returned to see Dr. Armstrong on March 4, 2009. (Tr. 397). Plaintiff indicated wanted to get an MRI scan and see a specialist. (Tr. 397). On March 18, 2009, Plaintiff underwent an MRI examination at the North Arkansas Regional Medical Center. (Tr. 400). The MRI scan showed a small posterior protrusion present at the L5-S1 level with some abnormal enhancement, possibly representing a combination of a small disk bulge or a small disk herniation, with surrounding post-surgical scarring which was unchanged when compared to a prior MRI scan of the lumbar spine dated November 9, 2006. (Tr. 400).

On July 10, 2009, Plaintiff was seen by Dr. Wade Ceola, with the Springfield Neurology and Spine Institute. (Tr. 404-406). On examination, Dr. Ceola indicated Plaintiff's appearance was well-developed, well-nourished, and in no distress. (Tr. 405). Dr. Ceola's musculoskeletal examination indicated several normal findings including the following: Plaintiff's paraspinous muscles were symmetric and normal in tone without spasm; range of motion of the cervical and lumbar spine was normal; straight leg raising was tolerated to 80 degrees; gait and station were normal; bilateral upper and lower extremities on inspection were symmetric without tenderness and normal range of motion; upper and lower extremity strength was normal in tone; full motor strength;

light touch, pinprick, and proprioception showed normal sensation; deep tendon reflexes were normal; and coordination in upper and lower extremities was normal with appropriate fine motor movements. (Tr. 405-406). Dr. Ceola diagnosed Plaintiff with degenerative disc disease at the L5-S1 level and recommended conservative treatment of steroid injections and aquatherapy. (Tr. 406).

On, July 17, 2009, Plaintiff underwent an epidural steroid injection at Dr. Ceola's office and was advised to return for another injection in four weeks. (Tr. 403). On August 7, 2009, Plaintiff underwent a second epidural steroid injection. (Tr. 411). Plaintiff indicated he had severe pain as a result of this injection and Dr. Ceola advised no further injections would be done. (Tr. 410).

Additional support of Plaintiff's RFC is found in the General Physical Examination performed by Dr. Shannon Brownfield on July 22, 2008. (Tr. 243-247). Dr. Brownfield found Plaintiff had limited range of motion to his lumbar range at 60 degrees and his gait was slow. (Tr. 245-246). However, the exam also showed Plaintiff had normal range of motion in his cervical spine, shoulders, elbows, wrists, hands, hips, knees, and ankles. (Tr. 245). Plaintiff's straight-leg raising testing was negative and he had no muscle atrophy or sensory abnormalities. (Tr. 246). Plaintiff's limb function was normal, including the ability to walk on heel and toes and full grip strength. (Tr. 246).

On July 23, 2008, Dr. Bill Payne prepared a Physical RFC Assessment on Plaintiff. (Tr. 252-259). Dr. Payne assessed Plaintiff with the ability to lift, carry, push, and pull up to ten pounds occasionally and less than ten pounds frequently; stand and walk with normal breaks at least two hours in an eight-hour workday; and sit with normal breaks for about six hours in an eight-hour workday. (Tr. 253). Dr. Payne found no other limitations. (Tr. 254-256). A second Physical RFC Assessment of Plaintiff was prepared by Dr. Jim Takach on October 29, 2008. (Tr. 264-266). Dr.

8

Takach reviewed a portion of Plaintiff's medical records and the RFC Assessment of Dr. Payne. (Tr. 265). Based on this review, Dr. Takach stated he was in agreement with the Physical RFC Assessment findings prepared by Dr. Payne in July of 2008. (Tr. 266). These findings support the ALJ's RFC determination of Plaintiff.

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. Hypothetical Question

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments, and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all of the credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform sedentary work except he was not able to climb ladders, ropes, and scaffolds, but he could occasionally climb ramps, stairs, balance, stoop, kneel, crouch, and crawl. (Tr. 78, Finding 5). In response to a hypothetical question containing these limitations, the VE testified Plaintiff was not capable of performing his past work. (Tr. 61-

9

62).  However, the VE testified Plaintiff would be able to perform work as an escort vehicle driver with approximately 259 such jobs in the region and 26,000 in the national economy, pari-mutual checker with approximately 750 such jobs in the region and 260,000 in the national economy, and electronics assembler with approximately 180 such jobs in the region and 13,000 in the national economy.  (Tr. 62-64).  Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act.  (Tr. 83).

Plaintiff argues the hypothetical asked of the VE was not supported by the medical record.  However, as stated above, the ALJ discussed at length Plaintiff's medical record and substantial evidence supports the ALJ's RFC determination.

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record.  *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true).  The VE stated Plaintiff was capable of performing work existing in significant numbers in the national economy.  Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **25th day of August, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE